# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| OFFICEMAX INCORPORATED, | : |
| Plaintiff, | : Civil No. CV05-0672 LC |
| v. | : |
| TYCO INTERNATIONAL, LTD.; | : |
| TYCO INTERNATIONAL (US) INC.; | : JUDGE MINALDI |
| S & S SPRINKLER CO., L.L.C.; | : |
| and JOHN DOES 1 – 5 and JANE | : MAGISTRATE JUDGE WILSON |
| DOES 1 – 5, | : |
| Defendants. | : |

## STIPULATION TO DISMISS CERTAIN DEFENDANTS PURSUANT TO FED. R. CIV. P. 41(a)(1)(ii)

A. WHEREAS, on or about April 14, 2005, Plaintiff, Officemax Incorporated, f/k/a Boise Cascade Corporation (referred to as "Plaintiff") filed a Complaint in federal court against the Defendants:

    1. Tyco International, Ltd. and Tyco International (US) Inc., (collectively referred to as the "Tyco Defendants");

    2. S & S Sprinkler Co., LLC; and

    3. John Does 1-5 and Jane Does 1-5.

B. WHEREAS, the Tyco Defendants and their attorneys, the firm of Shook, Hardy & Bacon L.L.P. and the firm of Taylor, Porter, Brooks & Phillips L.L.P. (referred to as the "Tyco Attorneys"), were provided with information by Plaintiff regarding an Ansul LT-A-101-00 CheckFire SC-N Electric Detection and Actuation System dry chemical fire suppression

system (the "Ansul System") that contained an Ansul linear detection cable activator device identified as Ansul 356F (180C) Part # 57579 (the "Detection Cable"), alleged to be involved in the incident that forms the basis of this action, and wish to have dismissed without prejudice certain named Defendants which they represent do not and did not design, manufacture or sell the Ansul System or the Detection Cable.

C. WHEREAS, the Tyco Defendants and the Tyco Attorneys hereby represent that Ansul, Incorporated ("Ansul") is the Tyco-related entity that designs, manufactures and sells the Ansul System and the Detection Cable like that identified by Plaintiff.

D. WHEREAS, based upon the reasons stated above, the express representations of the Tyco Defendants and the Tyco Attorneys, and other good cause:

IT IS HEREBY STIPULATED by and between Plaintiff, the Tyco Defendants and Ansul, by and through their respective attorneys of record, that:

1. Based on the representations of the Tyco Defendants, Ansul and the Tyco Attorneys, Plaintiff's suit against the following Defendants is dismissed <u>without</u> prejudice:

   a) Tyco International, Ltd.; and

   b) Tyco International (US) Inc.

2. Ansul agrees that Tyco Attorneys will accept service of Plaintiff's Complaint to be filed in state court regarding the incident that forms the basis of this action. Ansul will not raise any defense concerning personal jurisdiction of the state court over Ansul or the sufficiency of service of the Complaint as to it. Additionally, Ansul will not raise any defense that it is not the proper Tyco party against whom Plaintiff should assert its claims alleged in the Complaint relating to the Ansul System

and the Detection Cable described by Plaintiff, so long as additional investigation and discovery confirm that the Ansul System and the Detection Cable are Ansul manufactured products.

3. It is agreed that the statute of limitations shall be tolled as of the date the subject action was filed until satisfaction in full of the judgment, if any, obtained against Ansul or the litigation relating to Ansul System and the Detection Cable has been resolved through trial, appeal, settlement or otherwise, as to the following entities:

   a) Tyco Internationa,1 Ltd. and Tyco International (US) Inc; and

   b) Ansul, Incorporated.

4. The parties hereby agree that Plaintiff has the right to pursue claims including, but not limited to, the claims set forth in the Complaint filed in this action against any of the Tyco Defendants who have been dismissed pursuant to this Stipulation provided that the statute of limitations had not already run as to any such claims as of the date that the subject action was filed and provided:

   a) Facts are developed suggesting that one or more of the entities dismissed pursuant to this Stipulation may be liable or responsible for damages relating in any way to Plaintiff's claims in this action;

   b) Circumstances arise that render Ansul insolvent or unable to fully satisfy, in whole or in part, the judgment obtained by Plaintiff in relation to this action, if any; or

     c)    Ansul becomes the subject of any insolvency, bankruptcy or reorganization proceeding pursuant to state or federal law or has a receiver, liquidator, trustee or conservator appointed for its affairs.

Respectfully submitted,

TAYLOR, PORTER, BROOKS & PHILLIPS LLP

By: _____
Harry J. Philips, Jr., La. Bar #2047

451 Florida Street, 8th Floor
P. O. Box 2471
Baton Rouge, LA 70821
Telephone: (225) 387-3221
Telecopier: (225) 346-8049

ATTORNEYS FOR TYCO INTERNATIONAL
(US) INC., TYCO INTERNATIONAL LTD. AND
ANSUL, INCORPORATED

BLANCHARD, WALKER, O'QUIN & ROBERTS
(A Professional Law Corporation)

By: /s/ W. Michael Adams
_____
W. Michael Adams, La. Bar #2338

400 Texas Street, Suite 1400
P. O. Box 1126
Shreveport, LA 71163-1126
Telephone: (318) 221-6858
Telecopier: (318) 227-2967

ATTORNEYS FOR OFFICEMAX
INCORPORATED

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing STIPULATION TO DISMISS CERTAIN DEFENDANTS PURSUANT TO FED. R. CIV. P. 41(a)(1)(ii) has this date been served upon S&S SPRINKLER CO., L.L.C, through its counsel of record, Frederick L. Cappel, 1011 Lakeshore Drive, Suite 500, P. O. Box 820, Lake Charles, LA 70602-0820, by placing same in the United States Mail, postage paid.

Shreveport, Louisiana, this 10th day of November, 2005.

                                                     /s/ W. Michael Adams
                                                      W. Michael Adams